**COMP**
**PATRICK W. KANG, ESQ.**
State Bar No.: 010381
**KYLE R. TATUM, ESQ.**
State Bar No.: 013264
**KANG & ASSOCIATES, PLLC.**
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GLENDA MARTINEZ, a/k/a GLENA CASTANEDA, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| LAS VEGAS SANDS CORP., a Nevada Corporation, d/b/a THE PALAZZO | JURY TRIAL REQUESTED |
| Defendant. | |

COMES NOW, Plaintiff, GLENDA MARTINEZ, by and through undersigned counsel, and complains, alleges and avers as follows:

**JURSIDICTION AND VENUE**

1. This is a civil complaint brought in United States District Court under Federal and State statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

2. Plaintiff's statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended, 42 U.S.C. Section 2000e-2 et seq. The jurisdiction of this Court is invoked under 28 U.S.C. s 1331.

-1-

3. This action also includes claims arising out of Nevada anti-discrimination statutes, N.R.S. Section 613.310 et seq., which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. Section 1367(a). Plaintiff asserts she was harassed, treated differently, subjected to hostile work environment, and wrongfully terminated and retaliated against due to her race and disability which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII") and The Americans with Disabilities Act of 1990 ("ADA").

4. Jurisdiction in this case is also proper pursuant to N.R.S. Section 14.065.

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. As Plaintiff's employer, during the relevant time period, Defendant, LAS VEGAS SANDS CORP. d/b/a THE PALAZZO ("The Palazzo" or "Defendant") related business entities were operating within the County of Clark, State of Nevada, were engaged in an industry affecting commerce.

7. Plaintiff filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (hereto attached as **Exhibit 1**).

8. Plaintiff received a copy of her "Right to Sue" notice (for charge # 487-2013-00801) (hereto attached as **Exhibit 2**) dated August 4, 2014. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of her receipt of the August 4, 2014 Right to Sue notice.

9. Venue is proper in the District of Nevada pursuant to 28 U.S.C. Section 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

…
…
…
…

-2-

**PARTIES**

10. Plaintiff, GLENDA MARTINEZ, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein was employed by the Defendant.

11. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. Defendant was engaged in an industry affecting commerce or in the production of goods for commerce. Defendant is licensed to do business in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

12. As an employer in Nevada, Defendant is required to comply with all state and federal statutes, which prohibit harassment, discrimination based on an individual's race and national origin.

13. At all times relevant hereto, Plaintiff was employed by Defendant who operates in Clark County, Nevada.

**GENERAL ALLEGATIONS**

14. In or around May 2003, Plaintiff Glenda Martinez ("Ms. Martinez") began her employment with Defendant, The Palazzo, in the housekeeping department.

15. Throughout her decade long employment Ms. Martinez proved herself to be a hard-working and dedicated employee for the Defendant.

16. Despite her hard-work and effort, Ms. Martinez was faced with challenges related to a disability that began to occur after years of employment with the Defendant.

17. In 2012 Ms. Martinez began to experience panic attacks, dizziness, migraine headaches and depression. For these symptoms Ms. Martinez responsibly sought medical treatment and was taking medication to deal with the symptoms.

18. Due to her conditions, Ms. Martinez was prescribed medication as well as time away from work to rest and recover. Ms. Martinez appropriately requested time off and provided doctor's notes in support of her request.

19. In addition to the symptoms of her sickness, Ms. Martinez was dealing with side effects from the medication she had been prescribed, which also caused her dizziness and lightheadedness.

20. Ms. Martinez continually updated her employer of her status in recovery, including updated information from her doctors related to her treatments and need for exemption from work.

21. Due to her medical conditions, coupled with the side effects of her new prescriptions, Ms. Martinez missed a number of weeks from work.

22. Ms. Martinez did her best to work when she was able to and attempted to work with her employer in order to facilitate a speedy recovery and return to work. At all times, she notified and provided her employer with appropriate medical documentation related to her treatment and medications.

23. Despite her efforts to coordinate and work with the Defendant, Ms. Martinez was notified that as soon as her leave time was exhausted, she would no longer be allowed to take any time off of work.

24. Ms. Martinez requested to speak with representatives from the Defendant's Human Resources Department in order to request a reasonable accommodation for her disability.

25. Despite her requests that she and her employer engage in the good faith interactive process, the Defendant refused any meeting on the matter, and maintained their original position that Ms. Martinez would be terminated if she did not return to work once her leave of absence time was exhausted.

26. On or around May 3, 2013 Ms. Martinez provided a Doctor's note from her neurologist which stated that she was unable to work from May 3, 2013 to May 6, 2013. Ms. Martinez was notified by her supervisor, Margaret, that the note did not matter, her leave was exhausted and if she chose not to work she would be terminated.

27. Ms. Martinez, faced with eminent termination, decided to work her scheduled shift on May 3, 2013. She was sick, vomited, and remained in a lot of pain throughout her shift.

28. On May 4, 2013 Ms. Martinez went into her scheduled shift and met with Manager Dariel Miller, during her shift she fainted and hit her head. An ambulance was called and Ms. Martinez was taken to the hospital.

29. After various medical examinations Ms. Martinez was unable to immediately return to work. Ms. Martinez missed time from work, not only from her previous medical condition, but as well as a result of the injuries sustained when she fainted while working.

30. While undergoing examinations, it was discovered that Ms. Martinez had tumors in her reproductive organs, surgery was scheduled for June 12, 2013, and a note was provided to her employer.

31. Instead of working with Ms. Martinez, she was terminated from the company on June 7, 2013.

32. Therefore, Defendant's actions are in direct violation of the Civil Rights Acts of 1964 and The Americans with Disabilities Act of 1990.

### FIRST CAUSE OF ACTION
### (DISABILITY DISCRIMINATION- ADA VIOLATION)

33. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 32 as though fully set forth herein.

34. Defendants know or should have known of their obligation, pursuant to state and federal statutes, to maintain work places free of disability discrimination.

35. Defendant failed to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in Nevada.

36. Ms. Martinez has a qualified disability under the ADA because Ms. Martinez had a physical impairment that substantially limits one or more of her major life activities.

37. Ms. Martinez notified the Defendant of her condition prior to the termination of her employment in an effort to obtain a reasonable accommodation for the performance and completion of her major job duties.

38. Ms. Martinez was informed that she did not qualify for any further leave of absence under the Defendant's employment policies.

39. Ms. Martinez therefore requested to engage in the interactive process in an effort to come to a resolution regarding her disability, the request was denied by the Defendant.

40. Defendant subjected Ms. Martinez to disparate treatment by refusing to engage in the interactive process, thereby singling out Ms. Martinez because of her disability.

41. Defendant, acting through and with its employees, acted egregiously by subjecting Ms. Martinez to an unsafe environment when they required her to work after she provided a physician's note indicating she should not be working..

42. Ms. Martinez experienced and endured actual damages in an amount subject to proof at trial.

43. Defendant's actions are intentional and done with willful disregard for the well-established and well-known legal rights of Ms. Martinez.

44. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (RETALIATION 42 U.S.C.S. 4000E-3)

45. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 44 as though fully set forth herein.

46. Federal law 42 U.S.C. section 2000e-3 specifically prohibits an employer from taking retaliatory action against an employee for attempting to invoke her rights under the Federal Discrimination Laws.

47. Ms. Martinez expressed her concerns about the disparate treatment, the harassing conduct, and unwarranted discipline that were made to her and not made to similarly situated non-disabled employees.

48. After receiving notice of Ms. Martinez's complaints, Defendant, its' supervisors, its' agents and its' employees engaged in discriminatory and retaliatory conduct by refusing to address Ms. Martinez's concerns and further subjecting her to the same harassing environment she had been exposed to prior to making the complaints.

49. Defendant additionally refused to assist or comply with Ms. Martinez's request to engage in a meeting with the Defendant's. Subsequently, Ms. Martinez was threatened with inferred discharge by the supervisor.

50. Defendant's actions were intentional and done with willful disregard for the well-established and well-known rights of Ms. Martinez.

51. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## THIRD CAUSE OF ACTION
### (DISCRIMINATION PURSUANT TO NRS 613.330, ET. AL)

52. Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 51 above as if fully set forth herein.

53. The above discrimination and retaliatory actions by Defendant constitutes unlawful discriminatory employment practices under the Nevada Equal Employment Opportunity Act, NRS 613.310 et seq.

54. As a direct and proximate result of Defendant's discriminatory acts, Ms. Martinez has suffered and shall continue to suffer monetary damages for the loss of income, loss of promotion, mental anguish and violation of her rights unless and until the Court grants relief.

55. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
**(Public Policy Tort)**

56. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 55 as though fully set forth herein.

57. Defendant has engaged in discriminatory, retaliatory and wrongful acts based on Ms. Martinez's disability and her attempt to protect her rights have seriously harmed Ms. Martinez. These discriminatory acts based upon an employee invoking her rights against unlawful discrimination violate the public policy of Nevada, which has been in effect for many years.

58. Defendant like all Nevada employers and employees, have been placed on notice for many years that wrongful conduct which harms an employee could result in the Defendant being subject to damages pursuant to *Sands Regent v. Valgardson,* 777 P. 2d 898 (Nev. 1989).

59. As a result of Defendant's violation of Nevada's public policy against disability discrimination and retaliatory acts, Ms. Martinez has been harmed and therefore is entitled to recover compensatory damages in an amount in excess of $10,000.00 subject to proof at trial.

60. Defendant's conduct, which violated the public policy of the state of Nevada, was outrageous and Ms. Martinez is entitled to punitive and exemplary damages.

61. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

### FIFTH CAUSE OF ACTION
### (Respondeat Superior)

62. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 61 as though fully set forth herein.

63. As employer and supervisor of employees, Defendant is responsible for conduct of its employees during the course of their employment.

64. Defendant, vicariously through the supervisors and human resources department subjected Ms. Martinez to disparate treatment during her employment with Defendant.

65. As a result of the Defendants' agents and employees' conduct and based upon the responsibility of Defendant, Ms. Martinez has been damaged by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

66. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

### SIXTH CAUSE OF ACTION
### (Negligent Hiring, Supervision, and/or Training of Employees)

67. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 66 as though fully set forth herein.

68. Defendant should have known of the propensity of its supervisors to cause emotional and ultimately financial injury to employees and therefore had knowledge of their potentially harmful effect upon employees, particularly employees who are disabled.

69. Defendant should have been aware that its supervisors had created a situation which placed Ms. Martinez in danger of having her rights violated. Because of this awareness, Defendant should have taken protective measures to stop its employee's illegal conduct toward Ms. Martinez.

70. Defendant knew or should have known that the conduct of its agents and employees might result in a violation of employee's rights and Defendant failed to institute sufficiently effective training programs, which might have identified the illegal conduct of its managerial staff and supervisors and prevented further recurrences.

71. As a result of each employees' and agents' conduct and based upon the responsibility of Defendant, Ms. Martinez has suffered damages by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

72. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

73. Plaintiffs replead and reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 72 above as if fully set forth.

74. The aforementioned conduct of the Defendant was extreme and outrageous and performed with reckless disregard that such actions would cause severe physical and emotional harm to Ms. Martinez, and did in fact cause such harm.

75. As a direct and proximate result of the Defendant's conduct, Ms. Martinez has suffered damages and she is entitled to recover compensatory damages, exemplary damages and punitive damages related thereto.

76. As a further direct and proximate result of the Defendants actions, it has been necessary for Plaintiff to retain the services of Kang & Associates, PLLC., duly licensed attorneys in the State of Nevada, to file this action and the Defendant should be required to pay attorney's fees to Plaintiffs thereof.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays as follows:

1. For a trial by jury on appropriate issues;

2. For all employment-related losses subject to proof;

3. For a declaration that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. C Section 2000e, et seq. and the Nevada Equal Employment Opportunity Act, NRS 633.310, et seq.;

4. For compensatory damages in a sum or value in excess of $50,000.00, exclusive of interest and costs;

5. For punitive damages against Defendant;

6. For prejudgment interest;

7. For reasonable attorney's fees and all costs incurred by Ms. Martinez herein; and

8. For such other and further relief as the Court shall deem just and proper.

…

…

…

…

…

…

## JURY DEMAND

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 1 day of October, 2014.

                                          **KANG & ASSOCIATES, PLLC.**

                                            /s/ Kyle R. Tatum
                                          **PATRICK W. KANG, ESQ.**
                                          State Bar No.: 010381
                                          **KYLE R. TATUM, ESQ.**
                                          State Bar No.: 013264
                                          6480 W. Spring Mountain Rd., Ste. 1
                                          Las Vegas, NV 89146
                                          (702) 333.4223
                                          *Attorneys for Plaintiff*

# EXHIBIT 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | 487-2013-00801 |
| [X] EEOC | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Glenda Martinez | 702-375-2564 | 03-11-1966 |

Street Address: 1963 Canterbury Dr., Las Vegas, NV 89119

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| The Palazzo | More than 500 | 702-607-7777 |

Street Address: 3325 Las Vegas Blvd. South, Las Vegas, NV 89109

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 06-17-2013
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in May 2003 in the Housekeeping department. I have been denied medical leave as a reasonable accommodation by Respondent during my tenure of employment. I was then terminated for accruing too many absences despite having provided medical documentation confirming my medically necessary leave due to my disabilities.

This occurred most recently when I provided medical documentation to Respondent requested leave as a reasonable accommodation in May 2013 and June 2013. This had also occurred previously when I had provided medical documentation to Respondent requesting leave as a reasonable accommodation in December 2012. I have been repeatedly told by Human Resources that, once my FMLA leave is exhausted or expired, I will not be permitted to take additional medical leave. Additionally, Housekeeping Supervisor Margareth and Human Resources have failed to engage in any interactive process regarding my requests for reasonable accommodation.

Since requesting reasonable accommodation under the ADA, I was terminated by Respondent in June 2013.

I believe that I was discriminated against and retaliated against in violation of the American with Disabilities Act of 1990, as amended. I make this claim on behalf of myself and others similarly situated.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6/26/13

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

RECEIVED JUN 25 2013 EEOC/LVLO INTAKE

# EXHIBIT 2

-14-

EEOC Form 161-B (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Glenda Martinez<br>1953 Canterbury Dr.<br>Las Vegas, NV 89119 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2013-00801 | Brian Gorecki,<br>Investigator | (702) 388-5099 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**AUG 0 4 2014**

Amy Burkholder,
Local Office Director

(Date Mailed)

Enclosures(s)

cc:  The Palazzo
ATTN: Calvin Siemer
General Counsel
3355 Las Vegas Blvd. South
Las Vegas, NV 89109

Kang & Associates
ATTN: Kyle Tatum, Esq.
6480 W. Spring Mountain Rd., Suite 1
Las Vegas, NV 89146

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*