Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendant Las Vegas Sands Corp.*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

GLENDA MARTINEZ, a/k/a GLENDA CASTANEDA, an individual,

Plaintiff,

vs.

LAS VEGAS SANDS CORP., a Nevada Corporation d/b/a THE PALAZZO,

Defendant.

Case No.: 2:14-cv-01617-RFB-NJK

**DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FOURTH, FIFTH, SIXTH AND SEVENTH CAUSES OF ACTION**

Defendant Las Vegas Sands Corp. (hereinafter "Palazzo" or "Defendant"), hereby moves this Court to dismiss the following causes of action contained in Plaintiff Glenda Martinez's ("Plaintiff" and/or "Martinez") Complaint, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

- Fourth Cause of Action: Public Policy Tort;
- Fifth Cause of Action: Respondeat Superior;
- Sixth Cause of Action: Negligent Hiring, Supervision, and/or Training; and
- Seventh Cause of Action: Intentional Infliction of Emotional Distress ("IIED").

This Motion is based on the records, pleadings, and papers on file herein, together with the following memorandum of points and authorities, and any such further argument as the Court may deem appropriate.

Dated this 24th day of October, 2014.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

/s/
Anthony L. Martin
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

*Attorneys for Defendant Las Vegas Sands Corp.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Martinez, a former employee of Palazzo, filed the instant action against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-2 *et seq.*, The Americans with Disabilities Act of 1990 ("ADA") and N.R.S. 613.310 *et seq.* Martinez claims that Palazzo failed to accommodate her alleged disability and ultimately terminated her for complaining about an alleged harassing work environment. In reality, Palazzo terminated Martinez's employment because she failed to substantiate her repeated absences and failed to provide documentation for her request for an additional medical leave of absence.

Setting aside the veracity of the allegations (or lack thereof) for the purpose of this Motion to Dismiss ("Motion") only, ***the entirety of Plaintiff's case falls within the purview of Title VII and the ADA*** and the remedies available therein. Notwithstanding the same, Martinez bootstraps the following claims onto her Title VII and ADA claims: (i) public policy tort (Fourth Cause of Action); (ii) respondeat superior (Fifth Cause of Action); (iii) negligent hiring, supervision, and/or training of employees (Sixth Cause of Action); and (iv) IIED (Seventh Cause of Action). This



Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Court should dismiss each and every one of these claims under Rule 12(b)(6) for failure to state legally cognizable claims.

At the outset, Martinez's public policy tort claim (Fourth Cause of Action) must be dismissed because adequate, alternative statutory remedies already exist for Martinez's claims.

Likewise, Plaintiff's remaining common law tort claims (Fifth, Sixth and Seventh Causes of Action) are all barred under the Nevada Industrial Insurance Act ("NIIA"). The NIIA provides the ***exclusive remedy*** for injuries allegedly sustained by employees that arise out of and in the course of their employment. Without exception, each of Martinez's tort claims is tied to alleged conduct by her supervisors in failing to accommodate work days off, clearly on-the-job events. Axiomatically, the tort claims are barred under the NIIA.

Regardless, Martinez's remaining tort claims also warrant dismissal for failure to state legally cognizable claims. It is well established that Martinez's respondeat superior claim (Fifth Cause of Action) fails to articulate any cause of action at all. Rather, respondeat superior is merely a theory of liability. Martinez's negligent training and supervision claim (Sixth Cause of Action) compels dismissal because the Complaint is devoid of a single factual allegation that Palazzo knew or had reason to know of any employee's propensity to engage in any purported unlawful behavior. Thus, Palazzo cannot be liable under a negligence theory for conduct of which it had no prior knowledge. Finally, Martinez's IIED claim (Seventh Cause of Action) fails as a matter of law, because she has not alleged any facts that, even when assumed true, rise to the level necessary to establish a viable IIED claim.

Therefore, Palazzo respectfully requests that the Court dismiss Martinez's Fourth, Fifth, Sixth, and Seventh Causes of Action for failure to state a claim under Rule 12(b)(6).

//

//

//

//

//

## II. SUMMARY OF FACTUAL ALLEGATIONS[1]

Martinez's Complaint alleges that she was employed by Palazzo in the housekeeping department, beginning on or around May, 2003. (*See* Doc. # 1, at ¶ 14.) According to Martinez, in 2012, she began to experience problems relating to panic attacks, dizziness, migraine headaches and depression. (*Id.* at ¶ 17.) Martinez further alleges that she attempted to engage in the interactive process, and following additional medical issues, she was terminated. (*Id.* at ¶¶ 25, 27, 28, 31.) Ultimately, Martinez believes she was terminated in violation of the protections of Title VII and the ADA. (*Id.* at ¶ 32.)

## III. LEGAL ARGUMENT

### A. Legal Standard For Dismissal

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See Yazoo County Indus. Dev. Corp. v. Suthoff*, 454 U.S. 1157, 1161 (1982). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court explained that although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the defendant must be given fair notice as to what the claim is about and the grounds upon which it rests (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

According to the U.S. Supreme Court, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To satisfy this requirement, the plaintiff "must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The pleading rules require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a "pleading that offers 'labels and

---

1 For purposes of this Motion only, Palazzo acknowledges that all factual allegations contained in the Complaint can be regarded as true and all inferences can be drawn in favor of Martinez, even though Palazzo neither admits nor denies same.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

conclusions' . . . will not do. . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

If, after construing the factual allegations of the complaint in the light most favorable to plaintiff, and accepting them as true, the court concludes that plaintiff has not stated a claim, "an order of dismissal ***will*** be entered." *Yazoo*, 454 U.S. at 1161 (emphasis added). While courts must assume all of the factual allegations in the complaint are true, legal conclusions in the form of factual allegations are not deserving of the same treatment. *Artist Housing Holdings, Inc. v. Davi Skin, Inc.*, 2007 WL 2509846 at * 1 (D. Nev. Aug. 28, 2007) (*quoting W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

### B. Plaintiff's Public Policy Tort Claim (Fourth Cause Of Action) Must Be Dismissed Because Adequate Statutory Remedies Exist

In Nevada, employees are ***presumptively at-will***, and an employer can terminate the employee for any reason, or no reason at all. *Vancheri v. GNLV Corp.*, 105 Nev. 417, 420-21, 777 P.2d 366, 368-69 (1989). Wrongful discharge represents a ***narrow exception*** that may only be invoked when there is a strong public policy justifying an exception to the rule of at-will employment. *Sands Regent v. Valgardson*, 105 Nev. 436, 440, 777 P.2d 898, 900 (1989). Nevada recognizes only a few narrowly-tailored exceptions to the presumptively at-will doctrine. *See Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 292-93, 774 P.2d 432, 433 (1989). An employer commits a tortious discharge by terminating an employee for reasons which violate public policy. *See e.g., Hansen v. Harrah's*, 100 Nev. 60, 64, 675 P.2d 394, 397 (1984) (stating that a public policy claim exists when one is discharged for filing a workers' compensation claim). To sustain a claim for tortious discharge, an employee must demonstrate: (1) a violation of a strong and compelling public policy; and (2) inadequate alternative remedies. *See D'Angelo v. Gardner*, 107 Nev. 704, 719-20, 819 P.2d 206, 216-17 (1991).

In *D'Angelo*, the Nevada Supreme Court found that a public policy claim existed where the plaintiff-employee was fired for refusing to work under extremely dangerous physical conditions. There, the plaintiff-employee refused to work in a cyanide leach pit while he had an unhealed surgical wound. The court found under those extraordinary facts that the employer had violated

the public policy embodied in the Nevada Occupational Safety and Health Act ("NOSHA"), N.R.S. 618.015(2) and N.R.S. 618.385, to wit - employers are required to do everything reasonably necessary to protect the lives, safety and health of their employees. Because the statutory framework of NOSHA articulated the aforementioned policy, the court found the state's public policy sufficiently strong and adequately articulated for the plaintiff's discharge to have clearly been contrary to compelling public policy.

Although the court found a strong and compelling public policy in *D'Angelo*, the court emphasized that its inquiry did not stop there. Fundamental to the court's overall analysis was the fact that the plaintiff had not already been compensated for his alleged losses. *Id.*, 819 P.2d at 216-17. The court observed that:

> In *Sands Regent v. Valgardson*, 777 P.2d 898, 899-900 (Nev. 1989), we refused to recognize an action for tortious discharge even though the defendant had clearly violated Nevada's public policy against age discrimination. We refused to recognize an independent tort action for violation of the public policy against age-discrimination because the plaintiffs in [*Sands Regent*] had already recovered tort damages in sums of $69,010.00 and $125,560.00 under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and under N.R.S. 613.310, *et seq.* *Id.* 777 P.2d at 900. It would not have been fair to the defendant in [*Sands Regent*] to have allowed an additional tort remedy under the common law *Hansen* type of tortious discharge.

*D'Angelo*, 107 Nev. at 720, 819 P.2d at 216-17. The court distinguished *Sands Regent*, finding that the plaintiff-employee in *D'Angelo* had no comprehensive statutory or other tort remedy available to compensate him for the civil wrong committed against him by the defendant in that case. *D'Angelo*, 819 P.2d at 217. Accordingly, the court allowed the plaintiff to pursue an action for tortious discharge against his employer.

Equally instructive is the Nevada Supreme Court's decision in *Sands Regent*. There, the court was faced with facts demonstrating that several employees were terminated solely because of their age. In evaluating the plaintiffs' common law claims for tortious discharge, the court stated: "[c]learly, Nevada has a public policy against age discrimination. Nevertheless, we do not perceive that our public policy against age discrimination is sufficiently strong and compelling to

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

warrant another exception to the 'at-will' employment doctrine." *Sands Regent*, 777 P.2d at 899-900.

Martinez's Fourth Cause of Action essentially is a common law, public policy tortious discharge/wrongful termination claim. Therein, Martinez claims she suffered discriminatory and retaliatory acts based on an employee invoking her rights under Title VII and the ADA. (*See* Doc. # 1, ¶ 57.) Because adequate alternative statutory remedies exist for both alleged unlawful termination reasons pursuant to either Title VII or the ADA, Martinez's Fourth Cause of Action should be dismissed. *See Herman v. United Brotherhood of Carpenters*, 60 F.3d 1375, 1385-86 (9th Cir. 1995) ("[t]he Nevada Supreme Court has held that Nevada's public policy against impermissible [employment] discrimination cannot be vindicated through a tortious discharge public policy tort, but rather, must be pursued through statutory remedies") (*citing Sands Regent*, 777 P.2d at 900).

Martinez has failed to allege that her discrimination, retaliation and violation of the ADA claims lack adequate alternative remedies. Indeed, in filing her claim for disability discrimination pursuant to the ADA (First Cause of Action), retaliation pursuant to Title VII (Second Cause of Action), and disability discrimination pursuant to Nevada statutes (Third Cause of Action), Martinez conclusively demonstrates that her claims already have substantial available remedies. (*See* Doc. # 1, ¶¶ 33-44, 46-51, 53-55.)

Accordingly, the Nevada Supreme Court's decision in *Sands Regent* controls the outcome of Defendant's Motion to Dismiss. As in *Sands Regent*, it would be legally improper to allow Martinez an additional tort remedy under the common law *Hansen*-type of tortious discharge. *See D'Angelo*, 819 P.2d at 216-17; *see also Lund v. J.C. Penney Outlet*, 911 F.Supp. 442, 445 (D. Nev. 1996) (in *citing D'Angelo*, the court dismissed the plaintiff-employee's state common law disability discrimination claim, stating that "because Plaintiff has a federal statutory remedy [i.e., the Americans with Disabilities Act], it is almost impossible to believe that the Nevada Supreme Court would permit Plaintiff to pursue her public policy discharge claim under state [common] law"); *Chavez v. Sievers*, 118 Nev. 288, 293-94, 43 P.3d 1022, 1025-26 ( 2002) (rejecting common



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

law racial discharge claim); *Martin v. Sears, Roebuck and Co.*, 899 P.2d 551, 555-56 (Nev. 1995) (declining to recognize public policy claim for age discrimination).

Martinez's Fourth Cause of Action should therefore be dismissed.

**C. The NIIA Bars Plaintiff's Recovery On Martinez's Remaining Tort Claims**

Martinez cannot state a claim for her remaining common law tort claims, including her Fifth (Respondeat Superior), Sixth (Negligent Hiring, Supervision, and/or Training) and Seventh (Intentional Infliction of Emotional Distress) Causes of Action.

In particular, the NIIA provides the ***exclusive remedy*** for injuries allegedly sustained by employees, like Plaintiff, that arise out of and in the course of employment. *See* N.R.S. 616A.020(1); N.R.S. 616B.612(4); and *Wood v. Safeway, Inc.*, 121 Nev. 724, 732, 121 P.3d 1026, 1031 (2005). Claims seeking damages for injuries related to acts or omissions occurring during employment, precisely what Martinez seeks here, are preempted by the NIIA. *See, e.g., Wood*, 121 Nev. at 736, 121 P.3d at 1034 (NIIA preempted employee's claims of negligent hiring, training, and supervision, sexual harassment, and negligent infliction of emotional distress against her employer arising out of a sexual assault committed at the workplace); *see also Russo v. Clearwire US, LLC, slip op.*, 2013 WL 1855753 at * 8 (D. Nev. April 30, 2013) (dismissing negligent training and supervision claim as preempted by NIIA where employee alleged that his stress-related injury due to employer's alleged failure to properly train and supervise employees was based on conduct that occurred throughout his employment); *Young v. Zappos.com, Inc.*, 2010 WL 1612140 at * 5 (D. Nev. April 19, 2010) (granting summary judgment in favor of defendant on various tort claims, including negligent hiring, training, and supervision, under the NIIA where plaintiff alleged sexual harassment by co-worker); and *Conway v. Circus Circus Casinos, Inc.*, 116 Nev. 870, 875, 8 P.3d 837, 840 (2000) (dismissed various tort claims pursuant to NIIA preemption for lack of allegations of a specific intent to injure plaintiff).

In *Wood*, the Nevada Supreme Court held that an injury is said to arise out of employment "when there is a causal connection between the employee's injury and the nature of the work or workplace." 121 Nev. at 733, 121 P.3d at 1032. Such a causal connection exists where the employee's employment contributes to or increases the risk of the harm suffered. *Id.* at 736, 121



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

P.3d at 1034. An injury occurs within the course of employment if the injury "occurs at work, during working hours, and while the employee is reasonably performing his or her duties." *Id.* at 733, 121 P.3d at 1032.

Here, Martinez fails to allege sufficient facts that, if true, would establish that her alleged injuries fall outside the NIIA's coverage. There is a clear causal link between Martinez's employment with Palazzo and the conduct alleged in the Complaint. According to Martinez's own allegations, "[d]efendant, vicariously through the supervisors and human resources department subjected [Martinez] to disparate treatment during her employment with Defendant." (*See* Doc. # 1 at ¶ 64.) Martinez further claims that "[d]efendant should have been aware that its supervisors had created a situation which placed [Martinez] in danger of having her rights violated." (*Id.* at ¶ 69.) Given that the Complaint does not include a single factual allegation arising outside of Plaintiff's employment, it is undisputed that the alleged discrimination and retaliation at issue occurred at work, during working hours, and while Martinez was reasonably performing her duties. *Wood*, 121 Nev. at 733, 121 P.3d at 1032.

Thus, all of the relevant acts alleged occurred throughout Martinez's employment and within the course and scope of same. Consequently, Plaintiff's Fifth, Sixth and Seventh Causes of Action are preempted by the NIIA.

**D. Plaintiff's Respondeat Superior Claim (Fifth Cause of Action) Is Superfluous**

Martinez next asserts a cause of action for "Respondeat Superior." (*See* Doc. # 1, ¶¶ 62-66.) Respondeat Superior, however, is a theory of liability. It is unnecessary, not to mention superfluous to the other claims in the Complaint, to identify it as an independent cause of action. *See Okeke v. Biomat USA, Inc.*, 927 F.Supp.2d 1021, 1028-29 (D. Nev. 2013). Palazzo therefore requests that the Court dismiss the claim summarily.

**E. Martinez's Negligent Training/Supervision Claim (Sixth Cause of Action) Fails To Allege Sufficient Facts To State A Viable Claim**

Martinez's factual allegations regarding her Sixth Cause of Action (for Negligent Hiring, Training and/or Supervision) are fatally deficient. To state a claim for negligent training and supervision in Nevada, a plaintiff must prove: (1) the employer had a duty to use reasonable care



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *See Okeke*, 927 F.Supp.2d at 1028. The mere fact that an employee "acts wrongfully" does not, in and of itself, support a claim for negligent training and supervision. *Okeke,* 927 F.Supp.2d at 1028; *see also Colquhoun v. BHC Montevista Hosp., Inc.*, 2010 WL 2346607 at * 3 (D. Nev. June 9, 2010). Rather, "the plaintiff ***must allege facts specifically indicating how the employer violated this duty***." *Colquhoun*, 2010 WL 2346607 at * 3 (*citing Burnett v. C.B.A. Sec. Serv., Inc.*, 107 Nev. 787, 820 P.2d 750 (1991)) (emphasis added). A negligent training and supervision claim cannot survive a motion to dismiss where, as here, the complaint contains no specific facts regarding the claim, but instead merely offers a "cursory legal conclusion that [the d]efendant was negligent . . ." *Lambey v. Nevada*, 2008 WL 2704191 * 3 (D. Nev. July 3, 2008).

Martinez's negligence claim is based on a conclusory theory that "Palazzo should have known of the propensity of its supervisors and its employees to cause emotional and financial injury to employees and therefore had knowledge of their potentially harmful effect upon employees, particularly employees who are disabled." (*See* Doc. # 1, ¶ 68.) Martinez's claim nonetheless fails because she does not allege any facts indicating that Palazzo failed to perform background checks on its employees or that Palazzo otherwise had knowledge (actual or constructive) of any employee's propensity for unlawful conduct. Nor does Martinez provide any facts which demonstrate how Palazzo breached its duty to provide training to, or supervise, its employees or that there was a causal relationship between the alleged negligent conduct and her injuries. *See Colquhoun*, 2010 WL 2344607 at * 3 (an allegation that an employee acts wrongly does not, by itself, give rise to a negligent training and supervision claim). Consequently, this claim must be dismissed.

**F. <u>Martinez's IIED Claim (Seventh Cause of Action) Fails As A Matter Of Law</u>**

To state a claim for IIED, Martinez must demonstrate that: (1) Defendant's conduct was extreme or outrageous with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff; and (2) he suffered severe or extreme emotional distress as the actual or proximate result of Defendant's conduct. *See Dillard Dept. Stores, Inc.*, 115 Nev. 372, 378, 989

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

P.2d 882, 886 (1999) (internal citations omitted). Martinez has not and cannot establish either element.

**1. <u>The Alleged Conduct Was Not Extreme Or Outrageous</u>**

For conduct to be considered extreme and outrageous, the conduct must "go beyond all possible bounds of decency, [be] atrocious and utterly intolerable." *See Alam v. Reno Hilton Corp.*, 819 F.Supp. 905, 911 (D. Nev. 1993). In the employment context, liability for IIED exists only in very limited, extremely unusual circumstances. IIED claims are "not intended to reach every discrimination claim" and courts have held time and again that discriminatory employment practices, including discriminatory termination, does not come close to the requisite level of outrageous and extreme conduct to support a claim for IIED. *Id*; *see also Freeman v. ADT Security Serv., Inc.*, 2010 WL 3385342 at ** 1-2 (D. Nev. Aug. 23, 2010); *Colquhoun*, 2010 WL 2346607 at * 3 (D. Nev. June 9, 2010); *Roche v. Audio Visual Serv. Group, Inc.*, 2010 WL 3021575 at ** 1-2 (D. Nev. July 28, 2010).

Furthermore, IIED claims are not intended to compensate employees for all workplace conduct which is emotionally upsetting; ***employees "must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind.***" *Lopez v. United Parcel Serv., Inc.*, 2009 WL 1422228 at * 6 (D. Nev. Mar. 12, 2009) (*quoting Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998)) (emphasis added). Regardless of the circumstances of a particular case, "major outrage is essential to the tort; and ***the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough.***" *Chehade Refai v. Lazaro*, 614 F.Supp.2d 1103, 1122 (D. Nev. 2009) (emphasis added); *see also Colquhoun,* 2010 WL 2346607 at * 3 (emotional distress claims reserved only for the "most egregious [harassing] behavior."); *Maduike* 114 Nev. at 4.

Thus, in order to survive dismissal of an emotional distress claim in the employment context, a plaintiff must do more than allege that the adverse employment action was motivated by discriminatory animus or that she was treated in an unprofessional or uncouth manner. Here, however, this is all Martinez has done. The Complaint alleges that "[t]he aforementioned conduct of the Defendant was extreme and outrageous and performed with reckless disregard that such

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

actions would cause emotional harm to [Martinez], and did in fact cause such harm." (*See* Doc. # 1 at ¶ 74.) Referring to prior paragraphs in the Complaint, the extreme and outrageous conduct Martinez asserts may be construed to include the following allegations: (1) refusing to engage in the good faith interactive process (*Id.* at ¶ 25); and (2) stating that her note did not matter and if she did not work, she would be terminated (*Id.* at ¶ 26); and (3) being terminated (*Id.* at ¶ 31). While these alleged events may have been unpleasant to Martinez, this conduct falls woefully short of extreme and outrageous conduct as a matter of law.

Thus, Martinez's IIED cause of action must be dismissed for failure to state a legally cognizable claim pursuant to Rule 12(b)(6).

**2. Martinez Has Not Properly Alleged That She Suffered Emotional Distress**

Plaintiff's IIED cause of action also fails because she does not allege sufficiently severe and extreme emotional distress to support her IIED claim. Here, Martinez generally claims to have experienced "severe physical and emotional harm." (*See* Doc. # 1, at ¶ 74.) This is wholly insufficient to state a claim for IIED. *See Beckwith v. Pool*, 2013 WL 3049070 at * 6 (D. Nev. June 17, 2013) (plaintiff failed to properly allege specific emotional distress when she plead only that the extreme and outrageous conduct caused plaintiff to suffer emotional distress); *Settlemeyers v. Play LV Gaming Operations*, 2011 WL 1042569 at * 5 (D. Nev. Mar. 18, 2011) (plaintiff's IIED allegations failed when she failed to allege the type of physical manifestations of emotional distress). Because Martinez has not and cannot offer any further factual allegations to establish that she suffered sufficiently severe or extreme emotional distress, she cannot prevail on her IIED claim regardless of whether Palazzo's alleged conduct was extreme and outrageous.

Consequently, Plaintiff's IIED claim should be dismissed.

//

//

//

//

//

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

## IV. CONCLUSION

For the foregoing reasons, pursuant to the Federal Rule of Civil Procedure 12(b)(6), Palazzo respectfully requests that the Court dismiss Plaintiff's Fourth, Fifth, Sixth and Seventh Causes of Action.

Dated this 24th day of October, 2014.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Anthony L. Martin
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

*Attorneys for Defendant Las Vegas Sands Corp.*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **DEFENDANT'S PARTIAL MOTION TO DISMISS PLANTIFF'S FOURTH, FIFTH, SIXTH AND SEVENTH CAUSES OF ACTION** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

PATRICK W. KANG, ESQ.

KYLE R. TATUM, ESQ.

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby further certify that on this date, service of the foregoing **DEFENDANT'S PARTIAL MOTION TO DISMISS PLANTIFF'S FOURTH, FIFTH, SIXTH AND SEVENTH CAUSES OF ACTION** was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid, at Las Vegas, Nevada to the following:

Patrick W. Kang, Esq.
Kyle R. Tatum, Esq.
Kang & Associates, PLLC
6480 West Spring Mountain Road
Suite 1
Las Vegas, NV 89103

*Attorneys for Plaintiff*

DATED this 24th day of October, 2014.

An Employee of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800